IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**RASHAD GREENE and JASMINE
GREENE, Individually, and as
Guardians of his minor child, R.G.,**

    *Plaintiffs*,

v.                                Case No.: 4:21cv215-MW/MAF

**PELOTON INTERACTIVE INC.,**

    *Defendant*.
_____/

**ORDER DENYING IN PART AND GRANTING IN PART
DEFENDANT'S MOTION TO COMPEL ARBITRATION**

This products liability case is before this Court on Defendant's Motion to Compel Arbitration and to Dismiss or Stay the Action, ECF No. 14. After considering Defendant's motion, Plaintiffs Response in Opposition, ECF No. 24, and Defendant's Reply, ECF No. 26, this Court determines that R.G. and Jasmine Greene are not bound by the arbitration clause, and Rashad Greene is bound by the arbitration clause. Accordingly, Defendant's motion to compel arbitration is **DENIED in part and GRANTED in part**.

**I. BACKGROUND**

In November 2019, Mr. Greene purchased a Peloton Tread+, a treadmill product with technology to allow users to stream online workouts at home. ECF No.

14 at 2-3. Mr. Greene created a membership account with Peloton at checkout. *Id.* at 3. In November 2020, Mr. Greene's six-year-old son R.G. was dragged underneath the Tread+, resulting in face and shoulder injuries. ECF No. 1 at 9.

Defendant Peloton alleges that Mr. Greene agreed to arbitrate any disputes with Peloton when he accepted Peloton's Terms of Service. ECF No. 14 at 5. To gain access to Peloton's online membership, customers must create a Peloton account during checkout, a process which requires an acceptance of Peloton's Terms of Service. *Id.* at 3-4. Specifically, the Terms state that "by registering as a member or by visiting, browsing, or using the Peloton Service in any way, you (as a 'user') accept and agree to be bound by these Terms of Service ('Terms'), which forms a binding agreement between you and Peloton." *Id.* at 5. The Terms include a binding arbitration provision, including a delegation provision stating that "[t]he parties agree that the arbitrator shall have exclusive authority to decide all issues relating to the interpretation, applicability, enforceability and scope of this arbitration agreement." *Id.* at 7.

Defendant argues that Mr. Greene bound each member of his family to the arbitration provision for claims arising from the purchase of the Tread+. As such, Defendant argues this Court should compel Plaintiffs to arbitration on the products liability and negligence claims relating to R.G.'s injuries.

## II. LEGAL STANDARD

Section two of the Federal Arbitration Act ("FAA") requires courts to enforce arbitration agreements according to their terms "save upon such grounds as exist under law or equity for the revocation of any contract." 9 U.S.C. § 2. "The FAA thereby places arbitration agreements on equal footing with other contracts, and requires courts to enforce them according to their terms." *Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63, 68-69 (2010) (citations omitted).

Sections three and four of the FAA establish procedures by which federal courts implement section two. *Id.* at 68. Under section three, a party may move to stay or dismiss the proceedings "upon any issues referable to arbitration under an agreement in writing for such arbitration." 9 U.S.C. § 3. Under section four, a party aggrieved by the refusal of another to arbitrate under a written agreement may petition a court for an order directing that such arbitration proceed in the agreed upon manner. 9 U.S.C. § 4.

## III. DISCUSSION

"[A] court may order arbitration of a particular dispute only where the court is satisfied that the parties agreed to arbitrate that dispute." *Granite Rock Co. v. Int'l Broth. of Teamsters*, 561 U.S. 287, 297 (2010) (emphasis removed) (internal citations omitted). *See also AT&T Tech., Inc. v. Commc'ns Workers of Am.*, 476 U.S. 643, 648-49 (1986) ("[A]rbitration is a matter of contract and a party cannot be

3

required to submit to arbitration any dispute which he has not agreed so to submit. . . . [T]he question of whether the parties agreed to arbitrate is to be decided by the court, not the arbitrator."); *Seifert v. U.S. Home Corp.*, 750 So. 2d 633, 636 (Fla. 1999) ("[N]o party may be forced to submit a dispute to arbitration that the party did not intend and agree to arbitrate.").

The United States Supreme Court has held that delegation clauses, which delegate the question of arbitrability to arbitrators, are enforceable. *Rent-A-Ctr.*, 561 U.S. at 65. However, courts should only order arbitration of a dispute where the court is satisfied that "the formation of the parties' arbitration agreement" is not in dispute. *Granite Rock Co.*, 561 U.S. 287, 299, (2010). This is so even in the presence of a valid delegation provision. *UATP Mgmt., LLC v. Barnes*, 320 So. 3d 851, 856 (Fla. 2d DCA 2021) (citing *Granite Rock Co.*, 561 U.S. at 300).

"[I]n determining whether a binding agreement arose between the parties, courts apply the contract law of the particular state that governs the formation of contracts. The federal policy favoring arbitration, however, is taken into consideration even in applying ordinary state law." *Caley v. Gulfstream Aerospace Corp.*, 28 F.3d 1359, 1368 (11th Cir. 2005) (internal citation and quotations omitted).

Defendant argues that this Court should apply laws of the State of New York in accordance with the choice-of-law provision included in the Terms. ECF No. 14

at 16. But this Court cannot apply a choice-of-law provision in a purported contract first, *then* decide if all the parties agreed to the contract. *Herman v. Seaworld Parks & Ent., Inc.*, No. 8:14-CV-3028-T-35JSS, 2016 WL 7447555, at *3 (M.D. Fla. Aug. 26, 2016). If the Plaintiffs did not agree to the contract, they did not agree to the New York choice-of-law provision.

Rather, in determining whether a contract was formed between the parties, this Court, sitting in diversity, must apply Florida choice-of-law rules. *See Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941). In this case, Plaintiffs brought claims for products liability and negligence—tort claims. ECF No. 1 at 9-14. Florida's choice-of-law rules apply the "significant relationship test" in tort claims, wherein the "the law of the state where the injury occurred applies only when there is no other state with a more significant interest." *Crowell v. Clay Hyder Trucking Lines, Inc.*, 700 So. 2d 120, 122-23 (Fla. 2d DCA 1997). Because R.G.'s injuries occurred in Florida, and no other state has a more significant interest, Florida law applies to these claims. Thus, this Court will apply Florida law to substantive legal questions, including whether a contract was formed between the parties.

**A. Rashad Greene and Jasmine Greene as Guardians of minor child, R.G.**

When parents sue on behalf of their child, the parents act as de facto guardians ad litem, but the child is the real party. *Dudley v. McCormick*, 799 So. 2d 436, 440 (Fla. 1st DCA 2001). Therefore, the first question this Court must address is whether

5

R.G., as a plaintiff, is bound by the arbitration agreement.

Under Florida law, "[t]hird persons who are not parties to an arbitration agreement generally are not bound by the agreement." *Mendez v. Hampton Ct. Nursing Ctr., LLC*, 203 So. 3d 146, 148 (Fla. 2016) (citing 21 Williston on Contracts § 57:19, at 181 (4th ed. 2001)). However, Florida courts have found that minor non-signatories are bound by arbitration agreements signed by a parent if (1) the legal claims owe their existence to a contract containing an arbitration provision, or (2) if the parent entered into the arbitration agreement on behalf of the minor.

First, under the third-party beneficiary doctrine, non-signatories to a contract may be bound to an arbitration provision if their claims would not exist but for the contract. *Teel v. Aaron's, Inc., No.*, 2015 WL 1346846, at *7 (M.D. Fla. Mar. 24, 2015). For example, in *Teel*, the court held that it would be inequitable to allow minors to assert breach of contract claims without holding the minors to the terms of the contract, including arbitration provisions. *Id.*

As to personal injury claims, minors will be bound to an arbitration provision if the defendant only owed them a duty as third-party beneficiaries to the contract. The Florida Supreme Court explained this logic in *Seifer v. U.S. Home Corp.*:

> If the contract places the parties in a unique relationship that creates new duties not otherwise imposed by law, then a dispute regarding a breach of a contractually-imposed duty is one that arises from the contract. . . . If, on the other hand, the duty alleged to be breached is one imposed by law in recognition of public policy and is generally owed to others besides the contracting parties, then a dispute regarding such a breach is not one arising

6

from the contract, but sounds in tort. *Id.* Therefore, a contractually-imposed arbitration requirement . . . would not apply to such a claim.

750 So. 2d at 640 (citations omitted).

For example, in *Terminix*, the court granted a motion to compel arbitration because the minors relied on the duties created by the service agreement to establish liability. *Terminix Int'l Co., LP v. Ponzio*, 693 So. 2d 104, 108-09 (Fla. 5th DCA 1997). The plaintiff's parents had entered into an agreement for Terminix to perform pest control. *Id.* at 105. Later, plaintiffs filed claims for personal injury arising out of Terminix's failure to eradicate spiders and insects pursuant to the agreement. *Id.* The court ordered arbitration pursuant to the terms of the agreement. *Id.* at 109. The non-signatory plaintiffs were also ordered to arbitrate because they had asserted third-party beneficiary status to the contract to establish Terminix owed them a duty. *Id.*

Unlike the plaintiffs in *Teel* and *Terminix*, Plaintiffs do not depend on a contractual relationship to establish their claims. Plaintiffs bring claims for strict liability and negligence, not contract. ECF No. 1 at 9-14. Peloton became strictly liable for injuries caused by the Tread+ "by placing on the market a potentially dangerous product for use and consumption." *Aubin v. Union Carbide Corp.*, 177 So. 3d 489, 503 (Fla. 2015). Therefore, if R.G. was injured by Tread+, then the strict liability claims arise out of Florida common law, not contract. Plaintiffs also allege under a negligence claim that Peloton owed R.G. a duty to use reasonable care in

7

"designing, manufacturing, marketing, labeling, packaging, and selling" the Tread+. ECF No. 1 at 12.[1] Again, Plaintiffs do not allege the duty arises out of a contractual relationship, but rather as a result of Peloton's production and sale of their product. Thus, the third-part beneficiary doctrine does not justify compelling R.G. to arbitrate his claims.

Second, under an agency theory, a parent can agree to arbitrate when entering a contract on behalf of his minor child. *Glob. Travel Mktg., Inc. v. Shea*, 908 So. 2d 392, 405 (Fla. 2005). According to *Shea*, "[p]arents who choose to allow their children to engage in . . . activities may also legitimately elect on their children's behalf to agree in advance to arbitrate a resulting tort claim if the risks of these activities are realized." *Id.* at 404. Here, Mr. Greene did not agree to Peloton's Terms of Service as an agent of his six-year-old son. Peloton has not alleged Mr. Greene accepted the Terms of Service contemplating that his son would use the Tread+. Furthermore, the Terms expressly require users to be 18 years or older to use the Peloton service. ECF No. 24 at 6. Therefore, the agency theory does not justify compelling R.G. to arbitration.

Finally, the Terms explicitly state that a user is bound by "registering as a

---

[1] Though not addressed by the parties, Plaintiffs allege Peloton owed them a duty to reasonably design, manufacture, market, label, package, and sell the Tread+. ECF No. 1 at 12. While Plaintiffs can bring a negligence claim in addition to strict liability, they need to adequately allege that they were in Peloton's "foreseeable zone of risk" for Count III to survive a motion to dismiss for failure to state a claim. *Jennings v. BIC Corp.*, 181 F.3d 1250, 1257 (11th Cir. 1999).

8

member or by visiting, browsing, or using the Peloton Service in any way." ECF No. 14 at 5. However, R.G.—a six-year-old boy—was not using a Peloton service when he was injured. ECF No. 24 at 2. Defendant argues that on the date of the alleged injury, R.G. "interacted with the Tread+ registered under Mr. Greene's account." ECF No. 26 at 7. While this is technically true, "[a]rbitration is strictly 'a matter of consent,' " *Granite Rock Co.*, 561 at 299, and R.G.—a small child—cannot have consented to the Terms of Service by being pulled under the treadmill.

    R.G. did not agree to the Terms, nor does he rely on the Terms to establish his claims. His father did not accept the Terms on behalf of R.G., and R.G. was not using the Tread+ or Peloton Services at the time of injury. Thus, no valid agreement existed between Peloton and R.G. This Court recognizes that the Terms of Service include a delegation clause which reserves for the arbitrator the authority to decide all issues relating to "interpretation, applicability, enforceability and scope" of the arbitration agreement. ECF No. 14 at 7. But, as this Court finds no valid written agreement existed between Peloton and R.G., he is not bound by the Terms of Service, including the arbitration agreement, and consequently the delegation provision. Therefore, Defendant's motion to compel arbitration is **DENIED** as to the claims brought by Rashad Greene and Jasmine Greene as guardians of minor child, R.G.

**B. Rashad and Jasmine Greene, Individually**

When parents bring an individual action for injuries suffered by their minor child, the parents are the real party insofar as their own, individual claims are concerned. *Dudley v. McCormick*, 799 So. 2d 436, 440 (Fla. 1st DCA 2001). Thus, the second question this Court must answer is whether Jasmine and Rashad Greene are each bound by the arbitration agreement.

### 1. Jasmine Green

Defendant does not argue that Ms. Greene is a party to the Terms of Service. Rather, Defendant argues she should be compelled to arbitrate because her claims "rely on the existence of the membership agreement." ECF No 26 at 5. However, as addressed in Section III.A., none of Plaintiff's claims "rely on" the Terms. Ms. Greene does not assert contract claims, Peloton's strict liability arises out of Florida common law, and the duty allegedly owed to Plaintiff's comes from the production, marketing, and sale of Tread+, not a contract. "[W]hen a plaintiff sues under a contract to which the plaintiff is not a party . . . [the court] will ordinarily enforce an arbitration clause contained in that contract." *Mendez v. Hampton Ct. Nursing Ctr., LLC*, 203 So. 3d 146, 149 (Fla. 2016). But the court will not enforce an arbitration clause against a third party when she "does not bring suit as a third-party beneficiary for the benefit of a contract signed by others." *Id.* Thus, the third-party beneficiary doctrine does not justify binding Ms. Greene to the terms of a contract to which she

was not a party.

Defendant also argues Ms. Greene should be bound to the Terms because the claims arise out of Mr. Greene's user account with Peloton. However, each of the cases cited by Defendant deal with issues arising when account holders sign arbitration agreements but a third party accesses the account. *Burcham v. Expedia, Inc.*, No. 4:07CV1963 CDP, 2009 U.S. Dist. LEXIS 17104, at *9 (E.D. Mo. Mar. 6, 2009) (plaintiff agreed to forum selection clause when he used defendant's website); *Motise v. Am. Online, Inc.*, 346 F. Supp. 2d 563, 564 (S.D.N.Y. 2004) (plaintiff agreed to forum selection clause when he logged onto his uncle's internet service provider); *Nicosia v. Amazon.com, Inc.*, 384 F. Supp. 3d 254, 269 (E.D.N.Y. 2019) (plaintiff agreed to arbitration provision when she gave her husband her password to sign her up for an account).

However, no party has alleged Ms. Green logged on to the Peloton service or asked her husband to purchase the Tread+ on her behalf. According to the express language of the terms, Ms. Greene might also be bound under the Terms if she had independently registered as a member, visited, browsed, or used the Peloton Service in any way. ECF No. 14 at 5. But again, there is no allegation that Ms. Greene used the Peloton service.

As Ms. Greene did not sign the agreement, there is no allegation that Ms. Greene used the Peloton service, and there is no allegation that Mr. Greene signed

11

the agreement on Ms. Greene's behalf, there was no valid agreement between Ms. Greene and Peloton. As such, she is not bound by the Terms, including the arbitration agreement, and consequently the delegation provision. Therefore, Defendant's motion to compel arbitration is **DENIED** as to the claims brought by Jasmine Greene, individually.

2. **Rashad Greene**

The next issue is whether Mr. Greene's claims, in his individual capacity, are properly before this Court rather than before an arbitrator. The FAA reflects both a "liberal federal policy favoring arbitration, and the fundamental principle that arbitration is a matter of contract." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011) (citations omitted). Further, "the Act leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985) (citing 9 U.S.C. §§ 3,4). Thus, this Court must submit to arbitration "issues as to which an arbitration agreement has been signed." *Id.*

It is undisputed that Mr. Greene purchased the Tread+, signed up for a Peloton account, and agreed to the Terms of Service, including the arbitration provision. ECF No. 34 at 1-2. Thus, there was a valid written agreement between Mr. Greene and Peloton. Mr. Greene only argues that the parties to the suit are different than the

12

parties to the terms. *Id.* However, as discussed at the start of this Section, parents who sue in their individual capacity are the real parties at issue for the purpose of those claims. As such, Rashad Greene was both party to the Terms and this suit for his individual claims. Thus, Defendant's motion to compel arbitration is **GRANTED** as to the claims brought by Rashad Greene, individually.

For these reasons,

**IT IS ORDERED**:

1. Defendant's motion to compel arbitration and to dismiss or stay the action, ECF No. 14, is **DENIED** as to claims asserted by Jasmine and Rashad Greene on behalf of their minor child R.G.

2. Defendant's motion is **DENIED** as to claims asserted by Jasmine Greene individually.

3. This Court compels Rashad Greene to arbitrate all claims asserted by him individually.

4. As to the claims asserted by Rashad Greene individually, the case is **STAYED** pending arbitration.

5. The parties shall file a notice informing this Court of the arbitrator's decision in this case within 10 days of that decision.

6. As to the balance of the claims, this case shall continue to move forward. If any party believes there is a basis to stay the remaining claims, then they should file the appropriate motion.

**SO ORDERED on October 12, 2021.**

<u>s/Mark E. Walker</u>
**Chief United States District Judge**