UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA

RASHAD GREENE and JASMINE GREENE, Individually, and as Guardians of his minor child, R.G.,

Plaintiffs,

v.

PELOTON INTERACTIVE, INC., a Delaware corporation.

Defendant.

Case No. 4:21-cv-00215-MW-MAF

# PELOTON INTERACTIVE, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT AND DEMAND FOR JURY TRIAL

Defendant Peloton Interactive, Inc. ("Peloton"), through counsel, responds to the Complaint ("Complaint") filed by Rashad Greene and Jasmine Greene, individually, and as guardians of his minor child, R.G. (collectively, "Plaintiffs"). The repetition of the Complaint's subheadings is done solely for organizational purposes and is not an admission as to their truth.

## GENERAL DENIAL

In addition to the responses set forth below, Peloton denies any allegation as to it contained in the Complaint that Peloton has not expressly admitted herein. Peloton denies that it has any liability to Plaintiffs for any of the claims or

allegations set forth in the Complaint.

## INTRODUCTION

1. To the extent the allegations in Paragraph 1 of the Complaint purport to characterize the nature of this action or state legal conclusions, no response is required. Peloton admits that it sells a treadmill marketed under the name "Tread+," which was first released in 2018 under the name "Tread" and was renamed in September 2020 to "Tread+." Peloton admits that after this name change, it released an additional, separate treadmill marketed under the name "Tread." Peloton admits it marketed Tread and Tread+ products and that it provides a limited warranty for its Tread and Tread+ products. Peloton denies the remaining allegations in Paragraph 1 of the Complaint.

2. Peloton admits that the Tread product retails for $2,495 and that users can choose to pay a monthly subscription fee to access Peloton's digital content available on the Tread. Peloton denies the remaining allegations in Paragraph 2 of the Complaint.

3. To the extent the allegations in Paragraph 3 of the Complaint state legal conclusions, no response is required. Peloton admits that customer reviews are posted on its website, and that those documents speak for themselves. Peloton is without knowledge or information sufficient to form a belief as to the truth of the

sf-4592206

remaining allegations in Paragraph 3 of the Complaint and therefore denies the same.

4. To the extent the allegations in Paragraph 4 of the Complaint state legal conclusions, no response is required. Peloton admits that it has run advertisements for Tread+, and that the documents speak for themselves. Peloton denies the remaining allegations in Paragraph 4 of the Complaint.

5. To the extent the allegations in Paragraph 5 of the Complaint state legal conclusions, no response is required. Peloton admits that on April 17, 2021, the U.S. Consumer Product Safety Commission ("CPSC") issued a press release about Tread+, which is publicly available, and that the document speaks for itself. Peloton admits that it issued its own press release about Tread+ on April 17, 2021, which is publicly available, and that the document speaks for itself; and that on May 5, 2021, Peloton issued a joint press release announcing its voluntary recall of the Tread and Tread+ in conjunction with CPSC. Peloton denies the remaining allegations in Paragraph 5 of the Complaint.

6. Peloton admits that on May 5, 2021, it voluntarily recalled the Tread and Tread+ in conjunction with CPSC. Peloton admits that it issued a joint press release with CPSC on the same day announcing the recall, which is publicly available, and that the document speaks for itself. Peloton denies the remaining allegations in Paragraph 6 of the Complaint.

7. To the extent the allegations in Paragraph 7 of the Complaint state legal conclusions, no response is required. To the extent a response is required, Peloton denies the allegations in Paragraph 7 of the Complaint.

## PARTIES, JURISDICTION, AND VENUE

8. The allegations in Paragraph 8 of the Complaint state legal conclusions, therefore no response is required. To the extent a response is required, Peloton denies the allegations in Paragraph 8 of the Complaint.

9. To the extent the allegations in Paragraph 9 of the Complaint state legal conclusions, no response is required. Peloton admits that it is a Delaware corporation with its principal place of business at 441 Ninth Avenue, 6th Floor, New York, NY 10001. Peloton admits that it designed, marketed, promoted, and sold Tread+ products. Peloton admits that it provides Tread+ users with safety warnings and instructions, including warnings that children, pets, and objects must be kept away from the Tread+ at all times; the safety key should be engaged and clipped to a tight-fitting piece of clothing while the Tread+ is in use; and when the Tread+ is not in use, the safety key should be removed and stored out of reach of children. Peloton admits that Tread+ products were at times available for sale throughout the United States. Peloton is without knowledge or information sufficient to form a belief as to the truth of the allegations that it created, assembled, supplied, packaged, and developed the Tread+, as these terms are

4

vague and ambiguous, and therefore denies the same. Peloton denies the remaining allegations in Paragraph 9 of the Complaint.

10. The allegations in Paragraph 10 of the Complaint state legal conclusions, therefore no response is required. To the extent a response is required, Peloton denies the allegations in Paragraph 10 of the Complaint.

11. To the extent the allegations in Paragraph 11 of the Complaint state legal conclusions, no response is required. To the extent a response is required, Peloton admits that it has promoted, marketed, distributed, and sold Tread+ products in the State of Florida. Peloton denies the remaining allegations in Paragraph 11 of the Complaint.

12. The allegations in Paragraph 12 of the Complaint state legal conclusions, therefore no response is required. To the extent a response is required, Peloton is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of the Complaint and therefore denies the same.

## GENERAL FACTUAL ALLEGATIONS

13. Peloton admits the Tread product retails for $2,495 and users can choose to pay a monthly subscription fee to access Peloton's digital content available on the Tread. Peloton denies the remaining allegations in Paragraph 13 of the Complaint.

sf-4592206

14. Peloton admits that the Tread product is a treadmill that is designed to allows users to walk or run at various levels of incline. Peloton is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 14 as they are vague and ambiguous, and therefore denies the same.

15. Peloton admits that it has run advertisements for the Tread and Tread+, and that the documents speak for themselves. Peloton denies the remaining allegations in Paragraph 15 of the Complaint.

16. The allegations in Paragraph 16 of the Complaint state legal conclusions, therefore no response is required. Peloton denies the remaining allegations in Paragraph 16 of the Complaint.

17. To the extent the allegations in Paragraph 17 of the Complaint state legal conclusions, no response is required. Peloton is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 17 of the Complaint as they are vague and ambiguous, and therefore denies the same.

18. Peloton denies the allegations in Paragraph 18 of the Complaint.

19. To the extent the allegations in Paragraph 19 of the Complaint state legal conclusions, no response is required. To the extent a response is required, Peloton denies the allegations in Paragraph 19 of the Complaint.

20. Peloton admits that it has run advertisements for its treadmills, and that the documents speak for themselves. Peloton denies the remaining allegations in Paragraph 20 of the Complaint.

21. Peloton admits that on April 17, 2021, CPSC issued a press release, which is publicly available, and the document speaks for itself. Peloton denies the remaining allegations in Paragraph 21 of the Complaint.

22. Peloton admits that on April 17, 2021, CPSC issued a press release, which is publicly available, and the document speaks for itself. Peloton denies the remaining allegations in Paragraph 22 of the Complaint.

23. Peloton admits that on April 17, 2021, CPSC issued a press release, which is publicly available, and the document speaks for itself. Peloton admits that on May 5, 2021, it announced a voluntary recall of the Tread+ in conjunction with CPSC, which is publicly available, and that the document speaks for itself. Peloton denies the remaining allegations in Paragraph 23 of the Complaint.

24. Peloton admits that on April 17, 2021, CPSC issued a press release, which is publicly available, and the document speaks for itself. Peloton denies the remaining allegations in Paragraph 24 of the Complaint.

25. Peloton admits that on April 17, 2021, Peloton issued a press release, which is publicly available, and the document speaks for itself. Peloton denies the remaining allegations in Paragraph 25 of the Complaint.

26. Peloton admits that on April 17, 2021, Peloton issued a press release, which is publicly available, and the document speaks for itself. Peloton denies the remaining allegations in Paragraph 26 of the Complaint.

27. Peloton admits that on May 5, 2021, it issued a joint press release announcing its voluntary recall of the Tread and Tread+ in conjunction with CPSC, which is publicly available, and that document speaks for itself. Peloton denies the remaining allegations in Paragraph 27 of the Complaint.

28. Peloton admits that on May 5, 2021, it issued a joint press release with CPSC announcing the voluntary call of the Tread+, which is publicly available, and that the document speaks for itself. Peloton denies the remaining allegations in Paragraph 28 of the Complaint.

29. The allegations in Paragraph 29 of the Complaint state legal conclusions, therefore no response is required. To the extent a response is required, Peloton denies the allegations in Paragraph 29 of the Complaint.

30. Peloton denies the allegations in Paragraph 30 of the Complaint.

31. To the extent the allegations in Paragraph 31 of the Complaint state legal conclusions, no response is required. Peloton is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiffs' state of mind and therefore denies the same. Peloton denies the remaining allegations in Paragraph 31 of the Complaint.

sf-4592206

32. Peloton is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 of the Complaint and therefore denies the same.

33. To the extent the allegations in Paragraph 33 of the Complaint state legal conclusions, no response is required. To the extent a response is required, Peloton is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 33 of the Complaint and therefore denies the same.

## CAUSES OF ACTION

### COUNT I

### STRICT PRODUCTS LIABILITY – DESIGN DEFECT

34. Peloton incorporates by reference and restates the answers set forth in Paragraphs 1 through 33.

35. To the extent the allegations in Paragraph 35 of the Complaint state legal conclusions, no response is required. Peloton admits that it has at times sold, distributed, marketed, and promoted Tread products. Peloton denies the remaining allegations in Paragraph 35 of the Complaint.

36. The allegations in Paragraph 36 of the Complaint state legal conclusions, therefore no response is required. To the extent a response is required, Peloton denies the allegations in Paragraph 36 of the Complaint.

37. Peloton denies the allegations in Paragraph 37 of the Complaint.

38. The allegations in Paragraph 38 of the Complaint state legal conclusions, therefore no response is required. To the extent a response is required, Peloton is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38 of the Complaint and therefore denies the same.

39. The allegations in Paragraph 39 of the Complaint state legal conclusions, therefore no response is required. To the extent a response is required, Peloton denies the allegations in Paragraph 39 of the Complaint.

40. The allegations in Paragraph 40 of the Complaint state legal conclusions, therefore no response is required. To the extent a response is required, Peloton denies the allegations in Paragraph 40 of the Complaint.

## COUNT II

## STRICT PRODUCTS LIABILITY – FAILURE TO WARN

41. Peloton incorporates by reference and restates the answers set forth in Paragraphs 1 through 40.

42. Peloton admits that at times it has sold, distributed, marketed, and promoted Tread products. Peloton denies the remaining allegations in Paragraph 42 of the Complaint.

43. The allegations in Paragraph 43 of the Complaint state legal conclusions, therefore no response is required. To the extent a response is

required, Peloton is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43 of the Complaint and therefore denies the same.

44. The allegations in Paragraph 44 of the Complaint state legal conclusions, therefore no response is required. To the extent a response is required, Peloton is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44 of the Complaint and therefore denies the same.

45. The allegations in Paragraph 45 of the Complaint state legal conclusions, therefore no response is required. To the extent a response is required, Peloton denies the allegations in Paragraph 45 of the Complaint.

46. The allegations in Paragraph 46 of the Complaint state legal conclusions, therefore no response is required. To the extent a response is required, Peloton denies the allegations in Paragraph 46 of the Complaint.

47. The allegations in Paragraph 47 of the Complaint state legal conclusions, therefore no response is required. To the extent a response is required, Peloton denies the allegations in Paragraph 47 of the Complaint.

48. The allegations in Paragraph 48 of the Complaint state legal conclusions, therefore no response is required. To the extent a response is required, Peloton denies the allegations in Paragraph 48 of the Complaint.

49. The allegations in Paragraph 48 of the Complaint state legal conclusions, therefore no response is required. To the extent a response is required, Peloton is without knowledge or information regarding the Nester® warning, and therefore denies the same. Peloton denies the remaining allegations in Paragraph 49 of the Complaint.

## COUNT III
## NEGLIGENCE

50. Peloton incorporates by reference and restates the answers set forth in Paragraphs 1 through 49.

51. The allegations in Paragraph 51 of the Complaint state legal conclusions, therefore no response is required. To the extent a response is required, Peloton denies the allegations in Paragraph 51 of the Complaint.

52. The allegations in Paragraph 52 of the Complaint state legal conclusions, therefore no response is required. To the extent a response is required, Peloton denies the allegations in Paragraph 52 of the Complaint.

53. The allegations in Paragraph 53 of the Complaint state legal conclusions, therefore no response is required. To the extent a response is required, Peloton denies the allegations in Paragraph 53 of the Complaint.

54. The allegations in Paragraph 54 of the Complaint state legal conclusions, therefore no response is required. To the extent a response is required, Peloton denies the allegations in Paragraph 54 of the Complaint.

55. The allegations in Paragraph 55 of the Complaint state legal conclusions, therefore no response is required. To the extent a response is required, Peloton denies the allegations in Paragraph 55 of the Complaint.

56. The allegations in Paragraph 56 of the Complaint state legal conclusions, therefore no response is required. To the extent a response is required, Peloton denies the allegations in Paragraph 56 of the Complaint.

57. The allegations in Paragraph 57 of the Complaint state legal conclusions, therefore no response is required. To the extent a response is required, Peloton denies the allegations in Paragraph 57 of the Complaint.

## DEMAND FOR JURY TRIAL

58. Peloton does not object to a jury trial.

## SEPARATE AFFIRMATIVE DEFENSES

Peloton sets forth its further and separate defenses to the allegations in Plaintiffs' Complaint as follows:

## FIRST AFFIRMATIVE DEFENSE

(Failure to state a claim)

The Complaint, and each of the alleged causes of action, fails to state a claim against Peloton upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

(Assumption of risk)

Plaintiffs knowingly and voluntarily assumed any and all risks associated with the use of the products at issue in this case, which bars in whole or in part the damages Plaintiffs seek to recover.

## THIRD AFFIRMATIVE DEFENSE

(Proximate/intervening/superseding cause)

Plaintiffs' alleged injuries or damages were caused in whole or in part by the acts or omissions of other persons over whom Peloton had no supervision or control, those acts or omissions being the sole proximate cause or an intervening or superseding cause of any injuries or damages sustained by Plaintiffs.

## FOURTH AFFIRMATIVE DEFENSE

(Comparative negligence)

Any loss, injury or damage allegedly sustained by Plaintiffs is governed by comparative negligence and any responsibility or liability must be apportioned accordingly.

## FIFTH AFFIRMATIVE DEFENSE

(Claims are barred/need to apportion fault)

Plaintiffs' claims fail, in whole or in part, to the extent Plaintiffs' injuries and damages, if any, were caused by the acts or omissions of others, whether individual, corporate or otherwise, whether named or unnamed, for whom Peloton

is not responsible. Judgment against Peloton, if any, should be reduced in proportion to each person's negligence, fault, or responsibility.

## SIXTH AFFIRMATIVE DEFENSE

(Collateral source rule)

Plaintiffs' damages, if any, are barred or limited by the payments received from collateral sources. Any verdict or judgment rendered against Peloton must be reduced by those amounts that have been, or will, with reasonable certainty, replace or indemnify Plaintiffs, in whole or in part, for any past or future claimed economic loss, from any collateral source such as insurance, social security, workers' compensation, or employee benefit programs.

## SEVENTH AFFIRMATIVE DEFENSE

(Reservation)

Peloton gives notice that it intends to rely on such other defenses as may become available by law, pursuant to statute, or during discovery proceedings in this action and reserves the right to assert such defenses.

## PELOTON'S PRAYER FOR RELIEF

WHEREFORE, having fully answered the Complaint, and having asserted the above separate affirmative defenses, Peloton requests that the Court dismiss the Complaint with prejudice, enter judgment in Peloton's favor on the Complaint, award Peloton its reasonable costs, including attorneys' fees, and award Peloton such other and further relief as the Court deems just and appropriate.

Dated: October 26, 2021     MORISON & FOERSTER LLP

By: /s/Erin M. Bosman
    Erin M. Bosman (CA Bar No. 204987)
    Julie Y. Park (CA Bar No. 259929)
    Benjamin S. Kagel (CA Bar No. 317645)
    12531 High Bluff Drive, Suite 100
    San Diego, CA 92130
    858.720-5100
    EBosman@mofo.com
    JuliePark@mofo.com
    BKagel@mofo.com

    TORRES VICTOR
    James M. Shaw (FL Bar No. 16238)
    Maria Alvarez (FL Bar No. 57141)
    TORRES VICTOR
    1451 West Cypress Creek Road, Suite 211
    Fort Lauderdale, FL 33309-1953
    716.228.2515
    jshaw@torresvictor.com
    malvarez@torresvictor.com

    Attorneys for Defendant
    PELOTON INTERACTIVE, INC.